COTTON v. MAURER. .

*Statute of limitation — action for penalty — Animals at large in highway.*

In an action to recover penalties under the statutes relating to animals running
at large in the highways (Laws 1862, chap. 459 ; 1867, chap. 814 ; 1869, chap.
424), *held,* (1) that the objection that the action was not brought within
one year (Code, § 96), could be taken only by answer ; (2) that the limitation
in section 7 of the act relates to proceedings in taking up animals running
at large and not to the penalties given by section 1, and (3) that such penal-
ties are recoverable by action.

APPEAL by plaintiff from a judgment in favor of defendant
entered upon the verdict of a jury in the county court of Erie
county, and from an order denying a new trial.

The action was brought in a justice's court by Gardner B. Cot-
ton against Frederick Maurer to recover penalties given by statute
for cattle running at large in the highways. The justice rendered
judgment for the defendant and the plaintiff appealed to the
county court, where the action was re-tried. On the trial the
plaintiff proved the running at large of the defendant's cattle in
the highway, in the year 1871. The action was commenced August
24, 1872, and the chief question was whether the plaintiff could
recover for penalties which accrued more than one year before the
commencement of the action. The judge ruled that he could not
and so charged the jury, who found a verdict for defendant.

*Thomas Corlett,* for appellant.

*E. Thayer,* for respondent.

E. DARWIN SMITH, J.   The county judge erred we think in his
charge to the jury that the plaintiff could not maintain the action
unless the penalty accrued after the 24th day of August, 1871.

The second section of the act of 1862 (chap. 459), as amended in
1867 (chap. 814), gives a penalty of $5 for every horse, swine or cat-
tle, and $1 for every sheep or goat found running at large in the
highways, to be recovered by civil action by any inhabitant of the
town in his own name, or in the name of the overseer of the poor
of said town.   Section 96 of the Code provides that an action upon

Cotton v. Maurer.

a statute for a penalty or forfeiture given in whole or any part to any person who will prosecute for the same must be commenced within one year after the commission of the offense.

This section applies to the cause of action in this suit, but the defense was not available at the trial upon the single ground that no such defense was set up by answer. Section 74 of the Code provides that civil actions shall only be commenced as prescribed in that title (title 2, part 2), but the objection that the action was not commenced within the time limited can only be taken by answer. This is the rule as applied generally to all statutes of limitation.

This objection was distinctly taken and urged at the trial, and the court requested so to charge, which was refused, and the plaintiff's counsel duly excepted.

Section 7 of the act as amended in 1867 (chap. 814) contains the like limitations of actions in respect to any cause of action arising out of any proceedings had or taken, or attempted to be had or taken, under the provisions of the said act. This section was obviously designed for and relates to proceedings of persons, parties, or public officers, in taking up horses, cattle, etc., running at large, etc., in violation of said act, and does not apply to the specific penalties given by section 1. These penalties are not given for or in respect to any proceedings authorized, allowed or had in view in respect to horses, cattle or sheep running at large.

The penalties in question are recoverable by action, and the act contemplates no other act or proceeding to entitle a party to recover them than simply the running at large of the cattle, etc. The plaintiff was clearly entitled to recover at the trial for the penalties proved, independently of any statute of limitation.

The order and judgment should be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*